PEOPLE v NORMAN

Docket No. 114904. Submitted September 12, 1989, at Lansing. Decided November 27, 1989.

Donald E. Norman was convicted on his plea of guilty in Bay Circuit Court, William J. Caprathe, J., of arson pursuant to a plea agreement which resulted in the dismissal of other charges in exchange for his agreement to make full and complete restitution to the victim or the insurer of the burned premises in accordance with statute. The trial court sentenced defendant to a prison term of from five to twenty years and ordered defendant to pay to the insurance company that had insured the burned premises the $44,000 it had paid to the victim. The court's order indicated that the court is to retain jurisdiction until the insurer is fully and completely satisfied. Defendant appealed.

The Court of Appeals *held:*

1. The trial court, under the statutes in effect at the time of sentencing, had the power to require defendant to make restitution to the insurance company which had suffered the loss as a result of the fire which defendant had set.

2. By statute, a court's restitution order may extend (1) to the end of the probation period if probation is ordered, (2) for two years after the end of imprisonment or discharge from parole, whichever is later, if probation is not ordered, or (3) for three years after sentencing in any other case. Accordingly, a court's jurisdiction to enforce its restitution order would be subject to the same limitations. The court's restitution order must be amended to conform with the statutory limitation.

Affirmed as modified.

1. CRIMINAL LAW — RESTITUTION — ARSON — INSURANCE COMPANIES.

A trial court may properly order a person convicted of arson to make restitution to an insurance company that suffered a loss as a result of the arson (MCL 780.766[10]; MSA 28.1287[766] [10]).

REFERENCES
Am Jur 2d, Criminal Law §§ 1051-1054.
See the Index to Annotations under Sentence and Punishment.

2. CRIMINAL LAW — RESTITUTION — ORDERS — ENFORCEMENT OF
     ORDERS — JURISDICTION.
     A trial court with respect to an order of restitution entered as
     part of the sentence in a criminal case may retain jurisdiction
     to enforce that order (1) until the end of the period of probation
     if probation is ordered, (2) until two years after the end of
     imprisonment or discharge from parole if probation is not
     ordered, or (3) until three years after sentencing in any other
     case (MCL 780.766[12]; MSA 28.1287[766][12]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant on appeal.

Before: SHEPHERD, P.J., and DOCTOROFF and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right his plea-based conviction for arson of a dwelling house, MCL 750.72; MSA 28.267. In exchange for defendant's plea and his agreement to "make full and complete restitution to the victim and/or insurance company, according to the statute . . . ," a nolle prosequi was entered as to a count for breaking and entering, MCL 750.110; MSA 28.305, and a supplemental information charging defendant as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, was dismissed. Defendant was sentenced to a prison term of from five to twenty years and, pursuant to the plea arrangement, was ordered to pay $44,000 to the insurance company which had reimbursed the victim. The trial court's order stated that it retained jurisdiction "until the insurer is fully and completely compensated."

On appeal, defendant argues that his sentence

should shock our conscience. He also argues that, at the time of this offense, there was no statutory authority for restitution to a reimbursing insurance company and that the trial court exceeded its authority by attempting to retain jurisdiction until the insurer was compensated. We affirm defendant's conviction and sentence as modified herein.

At sentencing, the trial court noted defendant's "terrible record," the seriousness of the crime in terms of danger to other persons, the extensive property damage, and the fact that defendant's motive was either to cover up a breaking and entering and theft or to extract revenge against his brother-in-law. The trial court's reasons for exceeding the guidelines were rehabilitation, punishment, protection of society and a warning to others. Our conscience is not shocked by defendant's sentence. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Defendant next argues that two statutes which authorize restitution, MCL 769.1a(8); MSA 28.1073(8) and the version of MCL 780.766(10); MSA 28.1287(766)(10) which was in effect at the time of the arson and which at that time was identical to MCL 769.1a(8); MSA 28.1073(8), have been interpreted by this Court in *People v Jones,* 168 Mich App 191; 423 NW2d 614 (1988), lv den 431 Mich 873 (1988), to preclude from an order of restitution the reimbursing of an insurance company's loss. We disagree.

The issue in *Jones* was the amount of restitution to be paid to the victim. The panel was unable to determine from the record which items were covered by the restitution order, whether the victim had been compensated through insurance for those items and, consequently, whether restitution was precluded. *Id.,* 197. On remand, the sentencing court was ordered to "determine whether restitu-

tion is precluded because the victims have been compensated for their loss by their insurance company." *Id.* Hence, *Jones* precludes double dipping by a victim, but does not address whether an order of restitution can include the reimbursing of an insurance company's loss.

*People v Washpun,* 175 Mich App 420; 438 NW2d 305 (1989), interpreted the version of MCL 780.766(10); MSA 28.1287(766)(10) which was in effect at the time of the arson in this case. *Washpun* held, and we agree, that restitution may be ordered to a reimbursing insurance company. MCL 780.766(10); MSA 28.1287(766)(10) was amended, effective June, 1988, to specifically include corporations as parties which could be compensated by restitution. That amendment was in effect when defendant agreed, as part of his plea, to make restitution to the victim and/or the insurance company according to the statute. In any case, we agree with *Washpun* that the trial court had statutory authority to order restitution to the reimbursing insurance company.

Defendant finally claims that the trial court erred in retaining jurisdiction over defendant until the insurer was fully and completely compensated. Defendant's reliance on *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981), and *Oakland Co Prosecutor v 52nd Dist Judge,* 172 Mich App 557; 432 NW2d 322 (1988), is misplaced. Those cases deal with a trial court's lack of authority to resentence or modify a sentence after the imposition of a valid sentence, issues not involved in this appeal.

When a court issues an order and that order is violated, the case returns to the court for enforcement. The restitution statute provides: "An order of restitution may be enforced by the prosecuting attorney or a victim or a victim's estate named in

the order to receive the restitution in the same manner as a judgment in a civil action." MCL 780.766(15); MSA 28.1287(766)(15). Subsection 16 of the statute, MCL 780.766(16); MSA 28.1287(766) (16), provides for penalties for failure to pay restitution. Clearly, the trial court does retain jurisdiction to enforce its orders.

The precise issue in this case is whether the trial court retains indefinite jurisdiction. The answer is found in subsection 12 of the statute, MCL 780.766(12); MSA 28.1287(766)(12), which provides as follows:

> If not otherwise provided by the court under this subsection, restitution shall be made immediately. However, the court may require that the defendant make restitution under this section within a specified period or in specified installments. The end of the period or the last installment shall not be later than the following:
>
> (a) The end of the period of probation, if probation is ordered.
>
> (b) Two years after the end of imprisonment or discharge from parole, whichever occurs later, if the court does not order probation.
>
> (c) Three years after the date of sentencing in any other case.

The trial court's order is modified to comport with MCL 780.766(12); MSA 28.1287(766)(12). Nothing in this opinion prevents either defendant from seeking relief from the order of restitution pursuant to subsection 14, MCL 780.766(14); MSA 28.1287(766)(14), or the insurance company from enforcing the order pursuant to subsection 15, MCL 780.766(15); MSA 28.1287(766)(15).

Affirmed as modified.