## PEOPLE v ORWELLER

Docket No. 136112. Submitted July 15, 1992, at Lansing. Decided
    August 5, 1992; approved for publication November 19, 1992, at
    9:00 A.M.

Mark A. Orweller pleaded guilty in the Clinton Circuit Court,
    Timothy M. Green, J., of operating a motor vehicle without
    insurance and operating a motor vehicle while having an
    unlawful blood alcohol level. He was sentenced to two years'
    probation and ordered to pay restitution for damage to a
    building into which he had driven his automobile. The defen-
    dant appealed, challenging the order of restitution.

The Court of Appeals *held:*

1. The fact that the building owner's insurer paid for damage
to the building and can seek reimbursement from an uninsured
motorist fund created under the Motor Vehicle Accident Claims
Act, MCL 257.1101 *et seq.*; MSA 9.2801 *et seq.*, has no effect on
the trial court's authority under MCL 780.766(2); MSA
28.1287(766)(2) and MCL 780.766(10); MSA 28.1287(766)(10) to
order the defendant to make restitution to any victim of his
course of conduct, including the building owner's insurer.
Should the insurer receive both restitution and payment from
the uninsured motorist fund, the Secretary of State, pursuant
to MCL 257.1106(4); MSA 9.2806(4), would have a right to the
amount of restitution to offset the payment from the fund.

2. Although the trial court may order restitution, it abused
its discretion in doing so because it failed to make an adequate
inquiry into the actual amount of loss and the defendant's
ability to pay. Remand is required so that the defendant can be
resentenced.

Affirmed in part, reversed in part, and remanded.

1. SENTENCES — RESTITUTION — INSURERS.

A court, in addition to or in lieu of imposing a statutory penalty,

REFERENCES

Am Jur 2d, Criminal Law §§ 570, 572.

Ability to pay as necessary condition in conditioning probation or
    suspended sentence upon reparation or restitution. 73 ALR3d
    1240.

may order a defendant to make restitution to any victim of the defendant's course of conduct, including an insurer of property damaged as a result of the conduct (MCL 780.766[2], 780.766[10]; MSA 28.1287[766][2], 28.1287[766][10]).

2. SENTENCES — RESTITUTION.

A court, in ordering restitution, should consider the amount of the loss sustained by the victim, the financial resources and earning ability of the defendant, and the financial needs of the defendant and the defendant's dependents; the court must inquire into the defendant's ability to pay where the defendant asserts an inability to do so (MCL 780.767[1]; MSA 28.1287[767] [1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Charles D. Sherman,* Prosecuting Attorney, and *Michael E. Clarizio,* Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant on appeal.

Before: SAWYER, P.J., and CONNOR and A. G. BEST, II,* JJ.

PER CURIAM. Defendant Mark A. Orweller appeals from a January 9, 1991, order of probation following his plea-based convictions of operating a motor vehicle without insurance, MCL 500.3102(2); MSA 24.13102(2), and operating a motor vehicle while having an unlawful blood alcohol level, MCL 257.625(2); MSA 9.2325(2). We affirm in part, reverse in part, and remand.

Defendant was driving his automobile in Clinton County on the night of August 5, 1990. He admits that he did not have insurance when he drove the vehicle. Defendant's description of the incident is as follows:

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

> I went to [the] bar for a couple of drinks with my girlfriend. She got up and left without saying anything, so I followed her to give her a ride home. She didn't say anything, so I got mad. Being madly drunk made me drive like a maniac. And I ended up taking a corner too fast and driving through a building. Which embarrassed the store and me greatly.

Defendant was initially charged with malicious destruction of a building, MCL 750.380; MSA 28.612, in addition to the insurance and the drunken driving offenses.

Defendant entered into a plea agreement whereby he would plead guilty to the drunken driving and insurance offenses and the prosecution would drop the malicious destruction charge. At sentencing, the prosecutor indicated that he was concerned that no restitution had been recommended in the presentence investigation report. After hearing argument by the prosecution and defendant, the court ordered that defendant pay restitution in the amount of $9,600 during his two-year probationary period. When the order of probation was entered, it contained a provision requiring defendant to pay restitution of $10,278 at $430 a month. There were no statements in the order explaining why the amount was increased from $9,600 to $10,278.

Defendant argues that the trial court was without authority to order restitution in this case because the owner of the building was insured and his carrier had an opportunity to seek reimbursement from an uninsured motorist fund created under the Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.*; MSA 9.2801 *et seq.* We disagree.

Pursuant to MCL 780.766(2); MSA 28.1287(766) (2), a sentencing court may, in addition to or in

lieu of any statutory penalty, order a defendant to make restitution to any "victim" of the defendant's course of conduct. We have held that an insurance company may qualify as a victim for purposes of restitution. See *People v Norman,* 183 Mich App 203, 206; 454 NW2d 393 (1989); *People v Washpun,* 175 Mich App 420; 438 NW2d 305 (1989). Section 16(10) of the Crime Victim's Rights Act, being MCL 780.766(10); MSA 28.1287(766)(10), states in part as follows:

> The court shall not order restitution with respect to a loss for which the victim or victim's estate has received or is to receive compensation, including insurance, except that the court may, in the interest of justice, order restitution to the crime victims compensation board or to any individuals, organizations, partnerships, corporations, *or governmental entities* that have compensated the victim or the victim's estate for such a loss to the extent of the compensation paid. [Emphasis added.]

Just as the Legislature intended to include insurance companies as victims for the purposes of restitution when it amended this section, *Norman, supra* at 206, so too did the Legislature intend to include the state as a victim to whom compensation may be paid for a defendant's criminal conduct.

Defendant seeks to distinguish this case from *Norman* and *Washpun* because the insurance company can seek reimbursement through the Motor Vehicle Accident Claims Act. However, defendant's argument ignores common principles of subrogation. If, when the court ordered restitution to the insurance company, the insurance company was already compensated through the uninsured motorist fund, then the state would have a right to

any amount of restitution ordered to offset its payment to the insurance company. In fact, MCL 257.1106(4) MSA 9.2806(4) provides that when an amount is paid out of the fund, the Secretary of State is subrogated to the rights of the "person" to whom the amount is paid. "Person," as defined in the act, includes corporations such as insurance companies. See MCL 257.1102(e); MSA 9.2802(e). Thus, under the terms of the statute, the Secretary of State may be subrogated to the rights of either the insurance company (as a person applying for reimbursement under the act) or the actual victim. We see no reason why the state's right to subrogation would not include a right to recover any restitution to which the actual victim or insurance company would otherwise have been entitled.

When the court ordered defendant to pay restitution in this case, it stated that defendant should be "responsible to respond in damages for acts of his negligence." Defendant argues that even if it was permissible for the sentencing court to order restitution, the court blurred the distinction between a civil remedy and the criminal penalty of restitution. We agree that the court abused its discretion in the manner in which it ordered restitution and remand for further findings consistent with the statute.

This Court has held that restitution is not a substitute for civil damages, but encompasses only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct. *People v Tyler,* 188 Mich App 83, 89; 468 NW2d 537 (1991). MCL 780.767(1); MSA 28.1287(767)(1) contains the following guidelines for a court to follow:

The court, in determining whether to order restitution under section 16 and the amount of

that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

Where a sentencing court fails to properly apply the procedural requirements of the statute, remand is appropriate. See *Tyler, supra.*

In this case, the sentencing court failed to comply with the provisions of the statute. The court did not make an adequate inquiry into the actual amount of the victim's loss. When the prosecutor stated that he was concerned that restitution had not been ordered, he indicated that the owner of the building into which defendant drove testified at the preliminary examination that he suffered $14,000 in damages. Defendant contended that he received a letter from the insurance company indicating that it paid $9,600 for the damages. Even the prosecutor conceded that the amount of damage done was unsettled and needed clarification. The order of probation states that restitution shall be made in the amount of $10,278. However, this amount is not supported by the testimony at the sentencing proceeding, nor is there support for that amount in the presentence report because the report did not contemplate restitution.

The sentencing court also failed to establish whether defendant had the ability to pay the amount of restitution ordered. In *People v Music,* 428 Mich 356, 362; 408 NW2d 795 (1987), our Supreme Court determined that it is not necessary for a sentencing court to inquire into a defendant's ability to pay unless the defendant asserts that he does not have the necessary resources. In the present case, defense counsel made the following statement on the record:

*Mr. Spiers:* Your Honor, when I look at this, I look at what is a $10,000 bill going to do to Mr. Orweller versus what $10,000 is going to do to the insurance company.

We conclude that this statement was an assertion that defendant would have difficulty paying restitution.

The only testimony on the record with regard to defendant's ability to pay came from the prosecutor, who stated that defendant earned $15,000 in 1990. The presentence report indicates that defendant was self-employed and earned only $7,000 in 1988 and 1989. There was no inquiry on the record with respect to other obligations defendant may have. On remand, the court shall inquire into defendant's ability to pay and make findings with respect to this requirement on the record.

Defendant argues that there was no support for the court's conclusion that the damage to the building was proximately caused by his criminal conduct. We disagree. Defendant admitted that he was intoxicated and that, as a result of his intoxication, he drove into the building. However, on remand, the court must limit its order of restitution to an amount that is easily ascertained without considering principles of civil liability such as negligence. See *Tyler, supra* at 89.

Affirmed in part, reversed in part, and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.