PEOPLE v GOURD

Docket No. 142290. Submitted February 17, 1993, at Lansing. Decided
July 6, 1993, at 9:15 A.M. Leave to appeal sought.

David G. Gourd pleaded guilty in the Bay Circuit Court, William
J. Caprathe, J., of negligent operation of a vehicle causing
homicide. He was sentenced to serve one year in the county jail
and five years' probation, and was ordered to pay restitution to
Frankenmuth Insurance Company, pursuant to the Crime Vic-
tim's Rights Act, for no-fault benefits it paid to its insureds as a
result of injuries sustained in the automobile accident caused
by the defendant that formed the basis of his conviction. The
defendant appealed from the order requiring him to pay resti-
tution, claiming that the no-fault insurance act precludes such
payment.

The Court of Appeals *held:*

1. The no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et
seq.,* and the Crime Victim's Rights Act, MCL 780.751 *et seq.*;
MSA 28.1287(751) *et seq.,* were enacted to serve different pur-
poses and may be applied to the same factual situation without
defeating the purpose of either.

2. The trial court correctly found that the absence of relief
under the no-fault act does not preclude the order of restitution
under the Crime Victim's Rights Act.

3. Although the Crime Victim's Rights Act permits the award
of restitution to insurance companies, § 16(10) of the act, MCL
780.766(10); MSA 28.1287(766)(10), provides that restitution
with respect to a loss for which the victim or the victim's estate
has received or is to receive compensation, including insurance,
shall be ordered only in the interest of justice.

4. No special facts have been found that would lead to the
conclusion that justice would best be served by ordering restitu-
tion to Frankenmuth. The order requiring the payment of
restitution to Frankenmuth must be vacated.

Reversed.

SHEPHERD, J., concurring, stated that there must be some

REFERENCES

Am Jur 2d, Criminal Law § 1051.
See ALR Index under Victims.

special reason beyond the mere fact that an insurance company suffered a loss in order to justify restitution.

1. STATUTES — CRIME VICTIM'S RIGHTS ACT — NO-FAULT INSURANCE ACT.

The no-fault insurance act and the Crime Victim's Rights Act were enacted to serve different purposes and may be applied to the same factual situation without defeating the purpose of either (MCL 500.3101 *et seq.*, 780.751 *et seq.*; MSA 24.13101 *et seq.*, 28.1287[751] *et seq.*).

2. CRIMINAL LAW — CRIME VICTIM'S RIGHTS ACT — INSURANCE — RESTITUTION — INTEREST OF JUSTICE.

The Crime Victim's Rights Act permits an award of restitution to an insurance company with respect to a loss for which the victim or the victim's estate has received compensation from the insurer only where restitution is in the interest of justice (MCL 780.766[10]; MSA 28.1287[766][10]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Patterson, Gruber, Kennedy, Gill & Milster* (by *Erik S. H. Wallen*), for the defendant.

Before: CORRIGAN, P.J., and SHEPHERD and Mc-DONALD, JJ.

McDONALD, J. Defendant pleaded guilty of negligent operation of a vehicle causing homicide, MCL 750.324; MSA 28.556, and was sentenced to serve one year in the county jail and five years probation. In addition, defendant was ordered to pay restitution to Frankenmuth Insurance Company pursuant to § 16(10) of the Crime Victim's Rights Act (CVRA), MCL 780.766(10); MSA 28.1287(766) (10), for no-fault benefits Frankenmuth paid to its insureds as a result of injuries sustained in the automobile accident caused by defendant that formed the basis of his conviction. We reverse.

On appeal, defendant contends the court erred in ordering him to pay restitution to Frankenmuth for no-fault benefits paid to its insureds claiming the spirit and letter of the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.,* precludes such payment. Defendant argues affirmance of the trial court's restitution order would defeat the policy considerations inherent in the no-fault act by permitting Frankenmuth to accomplish reimbursement through § 16(10) of the CVRA when it could not achieve reimbursement under the no-fault act. The trial court found the no-fault act and the CVRA were enacted to serve differing purposes and were capable of being applied to the same factual situation without defeating either's purpose. We agree and find no support for defendant's claim that merely because the no-fault act did not provide the relief awarded Frankenmuth, Frankenmuth was not entitled to the benefit of the relief provided by another statute.

Section 16(10) of the CVRA was amended by 1988 PA 21, effective June 1988, to specifically include corporations as parties that could be compensated by restitution pursuant to the act. *People v Norman,* 183 Mich App 203; 454 NW2d 393 (1989). The trial court thus correctly found the absence of relief under the no-fault act did not preclude restitution under the CVRA. Nonetheless, for different reasons, we vacate that portion of defendant's sentence requiring restitution. Although the CVRA permits the award of restitution to insurance companies, § 16(10) of the act states, in relevant part:

The court shall not order restitution with respect to a loss for which the victim or victim's estate has received or is to receive compensation, including insurance, except that the court may, in the interest of justice, order restitution to the

crime victims compensation board or to any individuals, organizations, partnerships, corporations, or governmental entities that have compensated the victim or victim's estate for such a loss to the extent of the compensation paid. [MCL 780.766(10); MSA 28.1287(766)(10).]

In this case, the court failed to indicate what "interest of justice" mandated a departure from the statute's general admonishment that restitution not be ordered with respect to a loss for which the victim or the victim's estate received or is to receive compensation. Our review reveals no special facts in this case that lead us to conclude justice would best be served by ordering restitution to Frankenmuth.

The May 30, 1991, order requiring defendant to pay restitution to Frankenmuth is vacated.

Reversed.

CORRIGAN, P.J., concurred.

SHEPHERD, J., *(concurring)*. I agree that there is nothing in the record to demonstrate that it is in the interest of justice for restitution to be paid. It seems clear to me that the statute sets forth a general rule that there may be no restitution where the victim has received compensation, but that under special circumstances the court may order restitution if it is in the interest of justice. The court would not be entitled to order restitution simply because an insurance company suffered a loss, because, if that were so, the "interest of justice" language would be superfluous. Therefore, I conclude that there must be some special reason beyond the mere fact that an insurance company was damaged in order to justify restitution to the insurance company. Because the record

is devoid of any evidence with regard to the inter-est-of-justice factor, we need not make any com-ment regarding precisely what special circum-stances would justify restitution.