691 So.2d 568 (1997)
Allen RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02217.
District Court of Appeal of Florida, Second District.
April 11, 1997.
*569 Regina W. Cosper, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, convicted of trafficking in cocaine, challenges his conviction, his sentence and the order requiring him to pay $1,900 in restitution to the Sarasota Sheriff's Department. We conclude that any error in allowing the detective to testify that he had subsequently discovered cocaine in appellant's residence was invited by defense counsel's question. We further conclude that appellant was properly sentenced under the 1993 statute and that, although appellant waived the issue of restitution by failing to raise it below, the restitution award must be stricken because it was ordered to be paid to the sheriff's department, which is not a victim under the statute.
In an attempt to show that appellant had been entrapped by the C.I. at the initial buy, defense counsel asked the C.I. if he had attempted to purchase cocaine from appellant at any time after the C.I. had made the initial successful buy. The C.I. replied that he had made several unsuccessful attempts. On rebuttal, the state called Detective Graham, who testified that when he arrested appellant in July, six months after the initial buy, he found cocaine in the house.
Defense counsel clearly initiated this line of questioning. Counsel's question was intended to elicit a response tending to show that appellant only had cocaine on the one occasion of the initial buy, thus bolstering the defense position that appellant had been entrapped by the C.I. at the initial buy. However, defense counsel failed to anticipate the state's rebuttal in the form of the detective's testimony that he had found cocaine inside appellant's residence several months after the initial buy. We conclude that any error here was invited by defense counsel when he opened the door to the line of inquiry. See Ellison v. State, 349 So.2d 731 (Fla. 3d DCA 1977).
Appellant has also challenged his sentence, arguing that he should have been sentenced under the 1994 version of the statute (effective January 1, 1994), not the 1993 version, because his offense was not complete until 1994, when the C.I. paid him for the cocaine.
The court, however, correctly sentenced appellant under the 1993 version of the statute, which provides that the offender is to be sentenced to a mandatory minimum three-year term. § 893.135, Fla.Stat. (1993). The 1994 version provides that the offender is to be sentenced pursuant to the guidelines. § 893.135, Fla.Stat. (Supp.1994); 1993 Fla. Laws ch. 93-406 (effective January 1, 1994).
The statutes are clear. The new statute applies only to offenses committed after January 1, 1994. Appellant's offense was completed December 31, 1993. As the state observes, appellant merely "fronted" or loaned the money to the C.I. on December 31, 1993. The money was owed as of that date. The deal was completed as of that date. This is analogous to a civil loan situation. The fact that money is not paid immediately does not negate the fact that it must be paid. The contract is complete as of the time both parties agree. Concluding as we do that appellant's offense was completed on December 31, 1993, we must conclude that the trial court was correct in sentencing appellant under the 1993 version of the statute.
Although appellant has waived his challenge to his restitution order by failing to raise it below, we conclude that the error is fundamental and that the order must be stricken because it is an illegal order since it is ordered to be paid to the Sheriff's Department and police agencies do not meet the statutory definition of "victim." See Knaus v. State, 638 So.2d 156 (Fla. 2d DCA 1994); § 775.089(1), Fla.Stat. (1993). Accordingly, we strike the $1,900 restitution order. Appellant's *570 conviction and sentence are otherwise affirmed.
QUINCE and WHATLEY, JJ., concur.