ALTENBERND, Judge.
 

 Barbara J. Stanley appeals an unusual order that purports to modify her probation to require all future restitution payments to be made to the Florida Crimes Compensation Trust Fund rather than to the actual victim. We are not completely certain that Ms. Stanley was harmed by this order, but the irregularities associated with the order are substantial and the entities that may have been harmed by the order have had no notice of the order. Accordingly, we reverse the order and require the trial court to reinstate the earlier order of probation.
 

 Ms. Stanley was charged with grand theft in 1998. She entered into a written negotiated plea that was specially drafted for her case. In the agreement, she promised to pay restitution in the amount of $37,976 to Dialysis Constructors, Inc., as part of a fifteen-year term of probation. The restitution was payable in monthly installments. Over the years, she had a few minor difficulties complying with the terms of her probation, but apparently she made significant payments of restitution.
 

 In July 2009, a probation officer sent a letter to the trial court. The unsworn document explained that the probation officer believed that Dialysis Constructors, Inc., “is no longer in existence.”
 
 [1]
 
 The probation officer had completed a “diligent search” and had found no address for the company. It is unclear what the Department of Corrections had done with the money Ms. Stanley had paid over the years, but the probation officer suggested that “all future payments be allowed to go to the Crimes Compensation Trust Fund, Inc.”
 

 The trial court set the letter for judicial review on a docket for July 6, 2009. From the record, it is unclear who received any notice of this hearing, but no effort to serve Dialysis Constructors, Inc., occurred, and it is not even clear that Ms. Stanley was given notice of the hearing. She was not copied with the letter that the probation officer sent to the trial court.
 

 At the hearing, the assistant public defender in attendance admitted that he had not seen the letter and did not know “what the exact issue is here.” The trial court explained: “Basically, the victim has gone bankrupt and I’m prepared to order the defendant to make restitution payments to the Crimes Compensation Fund.” It is noteworthy that nothing in the letter from the probation officer suggests that Dialysis Constructors, Inc., had filed for protection under the bankruptcy code. If it had, presumably there would have been a trustee to whom the restitution was payable.
 

 
 *332
 
 The trial court further explained that it did not want the defendant to “benefit from the bankruptcy of this corporation.” It is noteworthy that the probation officer had never suggested that the restitution obligation should cease, so it is unclear how the trial court believed that Ms. Stanley was going to benefit from this situation. This suggestion, however, immediately prompted the assistant public defender to move for the cessation of restitution payments. The trial court rejected that motion and ordered all future restitution payments to be made to the Florida Crimes Compensation Trust Fund. The assistant public defender appealed this ruling.
 

 About four days after this ruling was appealed, Ms. Stanley filed a pro se motion to terminate her probation. That motion was granted on August 19, 2009. It does not appear that the public defender was aware of this development, and it seems equally likely that Ms. Stanley was unaware of the hearing that altered the terms of her probation. It may be that the order on appeal is moot from her perspective.
 

 Ms. Stanley’s attorney argues that the Florida Crimes Compensation Fund is not a “victim” as defined in section 775.089(l)(c), Florida Statutes (2009). That section provides: “The term ‘victim’ as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode ....”§ 775.089(l)(c). We do not decide in this case whether a government agency is a “person” for purposes of section 775.089.
 
 [2]
 

 But cf. Rodriguez v. State,
 
 691 So.2d 568, 569 (Fla. 2d DCA 1997) (holding sheriffs department did not meet the statutory definition of “victim” under section 775.089);
 
 Knaus v. State,
 
 638 So.2d 156 (Fla. 2d DCA 1994) (same). Because the Florida Crimes Compensation Trust Fund suffered no “property damage or loss, monetary expense, or physical injury or death” as a result of Ms. Stanley’s offense, the Fund does not qualify as a victim, even if the probation officer’s creative suggestion seemed reasonable at the time.
 
 [3]
 

 Obviously, there are likely to be many occasions when victims of crimes do not claim the money that has been collected on their behalf by the Department of Corrections. The idea of funding the Florida Crimes Compensation Trust Fund with such unclaimed payments has a certain appeal. However, the Legislature has already provided a solution for this problem. Section 945.31(3), Florida Statutes (2010), authorizes the Department to transfer such unclaimed funds to the General Revenue Fund if they are not claimed within one year after supervision is terminated. While the statute is not written in mandatory terms, it seems clear that the Legislature wants the Department to have a standard procedure for transferring such funds to the General Revenue Fund and not to
 
 *333
 
 file letters with the judiciary seeking modifications of orders of probation to make the funds payable to another attractive entity.
 

 It is helpful to consider that the funds that the trial court ordered transferred to the Florida Crimes Compensation Trust Fund were not the exclusive property of the State. These payments were made by Ms. Stanley to satisfy her debt to Dialysis Constructors, Inc. That corporation or its successors has, at the very least, a beneficial interest in these funds. As a state we respect these property rights. For example, we have established extensive regulations to protect the rights of owners of a wide array of unclaimed property.
 
 See
 
 ch. 717, Fla. Stat. (2010). When the trial court ordered these funds transferred, there may still have been a person or entity that possessed the right to claim the funds. Giving that entity’s interest in these moneys to the Florida Crimes Compensation Trust Fund based merely on an unsworn letter from a probation officer under the procedures utilized in this case raises a plethora of legal issues that can be avoided if the Department simply follows the procedure established in section 945.31(8).
 

 Accordingly, we reverse the order on appeal and remand for reinstatement of the prior order of restitution. Our disposition does not impact the order terminating Ms. Stanley’s probation. We assume that the Department, which is not a party to these proceedings, will account for the funds in accordance with the applicable statute.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and KELLY, J., Concur.
 

 [1]
 

 . Although it does not affect our determination of this case, we observe that Dialysis Constructors, Inc., is currently an inactive Nevada for-profit corporation formerly licensed to do business in the State of Florida.
 

 [2]
 

 . Section 1.01(3), Florida Statutes (2010), defines "person” to include "individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.”
 

 [3]
 

 . Courts in other states have reached a similar conclusion that, in the absence of statutory authority, a state entity is not a victim for purposes of restitution.
 
 See, e.g., People v. Chupp,
 
 200 Mich.App. 45, 503 N.W.2d 698 (1993),
 
 superseded by statute as stated in People v. Crigler,
 
 244 Mich.App. 420, 625 N.W.2d 424 (2001). Additionally, a state agency's ability to recover restitution is often limited to cases where the agency was a direct victim of the defendant's conduct rather than merely a provider of public services.
 
 See State v. Sequeira,
 
 93 Hawaii 34, 995 P.2d 335, 344 (2000).