# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEARTIS ANDRE MOCK,

Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No. 333778
Wayne Circuit Court
LC No. 15-006349-01-FH

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of unarmed robbery, MCL 750.530, receiving and concealing a stolen motor vehicle, MCL 750.535(7), and resisting and obstructing a police officer, MCL 750.81d(1).[1] Defendant was sentenced to serve concurrent terms of 69 to 180 months' imprisonment for unarmed robbery, 12 to 60 months' imprisonment for receiving and concealing a motor vehicle, and 12 to 24 months' imprisonment for resisting a police officer. Defendant now appeals as of right challenging the reasonableness of his sentence and the imposition of costs and fees. We affirm defendant's sentence, including the imposition of attorney fees and restitution, but remand to the trial court to establish a factual basis for the court costs imposed.

## I. REASONABLENESS OF SENTENCE

Citing *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)[2] and *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), defendant argues that his sentence for unarmed

---

[1] Defendant was charged with assault with a dangerous weapon, MCL 750.82, but the jury found him not guilty of this count.

[2] While the trial court did not expressly state on the record that it recognized that the sentencing guidelines were not mandatory post-*Lockridge*, we note that defendant's sentencing took place on June 17, 2016, and we presume that the trial court was aware that it was bound by the Michigan Supreme Court's decision in *Lockridge*. See *People v Alexander*, 234 Mich App 665, 672; 599 NW2d 749 (1999) (stating that this Court presumes that the trial court knows the applicable law).

robbery was unreasonable and not proportionate to the circumstances or the offender. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. However, in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), this Court noted that "*Lockridge* did not alter or diminish MCL 769.34(10)[.]" MCL 769.34(10) provides, in pertinent part:

> If a minimum sentence is within the appropriate guidelines range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

See also *People v Jackson*, 320 Mich App 514, ___; ___ NW2d ___ (Docket No. 332307) (2017); slip op at 8 (recognizing, in the context of the defendant's argument that his sentence was disproportionate, that where the defendant's minimum sentence was within the guidelines range, "it is presumptively proportionate and must be affirmed.")

Defendant received a 69-month minimum sentence for his unarmed robbery conviction, which fell within the 36 to 71 month minimum sentence guidelines range. Defendant does not argue that there was an error in scoring the guidelines or that the trial court relied on inaccurate information in determining his sentence. Accordingly, this Court must affirm defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196 n 1.[3]

## II. COURT COSTS

Next, defendant contends that the trial court erred in ordering him to pay $1,300 in court costs at sentencing. Because defendant did not object to the imposition of court costs at sentencing, the issue is not preserved. *People v Johnson*, 315 Mich App 163, 197; 889 NW2d 513 (2016). This Court reviews an unpreserved "challenge to the trial court's imposition of court costs for plain error." *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

When a defendant is convicted, MCL 769.1k(1)(b)(*iii*) authorizes the trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(b)(*iii*) lists examples of such costs, in pertinent part, as follows:

(A) Salaries and benefits for relevant court personnel.

---

[3] We note that in *People v Steanhouse*, 500 Mich 453, 471 n 14; 902 NW2d 327 (2017), the Michigan Supreme Court recently stated by way of footnote, where both of the defendants in that case received departure sentences, "we do not reach the question of whether MCL 769.34(10), which requires the Court of Appeals to affirm a sentence that is within the guidelines absent a scoring error or reliance on inaccurate information in determining the sentence, survives *Lockridge*."

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k.][4]

In *Konopka*, 309 Mich App at 358, this Court concluded that "MCL 769.1k(1)(b)(*iii*) independently authorizes the imposition of costs in addition to those costs authorized by the statute for the sentencing offense." However, if the trial court does not establish a factual basis for the court costs imposed, this Court cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court. *Id.* at 359-360.

The trial court ordered defendant to pay $1,300 in court costs at sentencing, but it did not provide a factual basis for the court costs imposed. When a trial court does not establish a factual basis for the costs imposed, this Court should remand to the trial court to allow the defendant to challenge the reasonableness of the costs imposed under MCL 769.1k(1)(b)(*iii*), or to afford the trial court the opportunity to alter the amount if appropriate. *Konopka*, 309 Mich App at 360. See also *People v Stevens*, 318 Mich App 115, 120-121; 896 NW2d 815 (2016) (stating that where the trial court did not articulate a factual basis for costs, remand is the appropriate measure).

## III. ATTORNEY FEES

Next, defendant argues that the trial court erred in requiring him to pay $400 in court-appointed attorney fees. Because defendant did not challenge the imposition of attorney fees at sentencing, the issue is not preserved. See *People v Jackson*, 483 Mich 271, 292 n 18; 769 NW2d 630 (2009).

Defendant's argument that the trial court should have assessed his ability to pay before ordering him to pay the attorney fees is without merit. In *Jackson*, 483 Mich at 294, the Michigan Supreme Court rejected a constitutional challenge to MCL 769.1k, holding that "there is no constitutionally required ability-to-pay analysis until the fee is actually enforced." The *Jackson* Court further noted that MCL 769.1*l* provided a procedure for enforcing the fee without an ability-to-pay assessment, but the Court concluded that this procedure was constitutional "because the statute's monetary calculations necessarily conduct a preliminary, general ability-to-pay assessment before the prisoner's funds are taken." *Id.* at 295. The Court further explained:

> MCL 769.1*l* inherently calculates a prisoner's general ability to pay and, in effect, creates a statutory presumption of nonindigency. The provision only allows the garnishment of a prisoner's account if the balance exceeds $50. Although this amount would be insufficient to sustain a defendant living among the general populace, it is uncontested that a prisoner's "living expenses" are nil,

---

[4] MCL 769.1k(b)(*iii*) was amended by 2017 PA 64, effective June 30, 2017, however the amendments are not pertinent to this appeal.

as the prisoner is clothed, sheltered, fed, and has all his medical needs provided by the state. The funds left to the prisoner on a monthly basis are more than adequate to cover the prisoner's other minimal expenses and obligations without causing manifest hardship. Thus, we conclude that [MCL 769.1*l*'s] application makes a legitimate presumption that the prisoner is not indigent. [*Jackson*, 483 Mich at 295.]

"[I]f a prisoner believes that his unique individual financial circumstances rebut [MCL 769.1*l*'s] presumption of nonindigency, he may petition the court to reduce or eliminate the amount that the remittance order requires him to pay." *Id*. at 296.

To the extent that defendant now contends that the trial court has an obligation to determine his ability to pay since funds are being withdrawn from his prison account, we note that defendant has not filed a petition in the trial court raising a challenge to the enforcement of the imposed fees and offering any proofs setting forth his unique financial circumstances. Defendant is also hard-pressed to argue that he has not been provided notice with the enforcement of the remittance order when a copy is included in the lower court file, the trial court signed it on the same day as the judgment of sentence, and the trial court informed defendant during the June 17, 2016 sentencing hearing that he would be required to pay $400 in attorney fees. Moreover, in both the trial court and on appeal, defendant has not put forth any information to meet the "heavy burden of establishing his extraordinary financial circumstances." *Id*. Put another way, there is nothing in the record to indicate that enforcement of the remittance order "would work a manifest hardship" on defendant or his immediate family. *Id*. at 296-297. Similarly, as noted above, defendant has likewise not demonstrated any error on the part of the trial court in ordering the $400 court-appointed attorney fee. Thus, defendant's arguments in this regard are unavailing.

## IV. RESTITUTION

Finally, defendant challenges the trial court's restitution order, which requires him to pay $530. Because defendant failed to object at sentencing, the issue is not preserved, and our review is for plain error affecting defendant's substantial rights. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003).

Restitution is "designed to allow crime victims to recoup losses suffered as a result of criminal conduct." *People v Grant*, 455 Mich 221, 230; 565 NW2d 389 (1997) (citations omitted). "The prosecution bears the burden of establishing the proper amount of restitution by a preponderance of the evidence." *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012) (citations, alteration and quotation marks omitted).

Defendant claims that there was no documentation presented on the record to support the amount of restitution ordered, and that he "was not allowed" to contest the amount. We reject both of these assertions. Defendant's PSIR included several references to the amount of restitution owed to the victim and at sentencing, the contents of the PSIR were discussed on the record, and the parties were given the opportunity to raise challenges to the PSIR. The prosecution then, without objection, asked for $530 in restitution on the record and the trial court assessed restitution in the amount of $530. A trial court "is entitled to rely on the information

-4-

in the presence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *Grant*, 455 Mich at 233-234 (citation and footnote omitted). "Absent a dispute, the court [is] not required to make express findings regarding the amount of restitution." *Id*. at 235.

Defendant argues that *People v Orweller*, 197 Mich App 136; 494 NW2d 753 (1993) and *People v Gubachy*, 272 Mich App 706; 728 NW2d 891 (2007) support his argument that restitution was improperly imposed. However, *Orweller* and *Gubachy* can be distinguished from the instant case. In *Orweller*, this Court remanded for resentencing where there was no testimony at the sentencing hearing to support the restitution award and there was no support in the presence report. *Orweller*, 197 Mich App at 138, 141. In the instant case, the PSIR clearly contemplated restitution and there was a discussion at sentencing to support the restitution award imposed. In *Gubachy*, the victim presented invoices to substantiate the value of loss resulting from the underlying theft, and this Court found that the restitution award was not an abuse of discretion. *Gubachy*, 272 Mich App at 709. While *Gubachy* is an example of a court considering documentation that was not provided in defendant's case, this Court did not indicate that this level of documentation is required in order to assess restitution.

## V. CONCLUSION

We affirm defendant's sentence, the trial court's order to pay the court-appointed attorney fee in the amount of $400 and the trial court's restitution order in the amount of $530. However, we remand to the trial court to determine whether the court costs assessed were reasonably related to the costs incurred at trial and to either affirm or adjust the court costs imposed on defendant. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-5-