PEOPLE v GUBACHY

Docket No. 262550. Submitted November 7, 2006, at Lansing. Decided November 14, 2006, at 9:05 a.m.

Nathan D. Gubachy pleaded guilty in the Washtenaw Circuit Court of breaking and entering a building with intent to commit a larceny, unlawfully driving away an automobile, escape from lawful custody, and malicious destruction of police property. The incident involved taking three trucks from a plumbing company and stealing tools and equipment from the trucks. The court, Archie C. Brown, J., entered a restitution order that included reimbursement for labor expenses incurred in taking inventory of the equipment missing from the trucks and replacing the missing items. The defendant appealed by delayed leave granted.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in awarding restitution for the amount of lost property. The prosecution proved by a preponderance of the evidence the amount lost, and the trial court disallowed the value of items for which the plumbing company's owner did not provide documentation.

2. The trial court also did not abuse its discretion by ordering reimbursement for the labor involved in determining the value of the lost property and replacing it. Crime victims have a constitutional right to restitution. Const 1963, art 1, § 24. The Legislature enacted the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, to enable victims to be compensated fairly for their suffering at the hands of convicted offenders. While MCL 780.766(3) refers to returning the lost property or paying its value to the owner, those remedies are not the exclusive remedies allowed for restitution. When one considers MCL 780.766(2) and 780.767(1), it is clear that the Legislature manifested an intent to make crime victims as whole as they can fairly be made and to leave the determination of how best to do so to the trial court's discretion. The focus is not on what a defendant took, but what a victim lost because of the defendant's criminal activity. The amount awarded for the costs of taking inventory and replacing the stolen items was reasonable and supported by the evidence.

Affirmed.

SENTENCES — RESTITUTION — CRIME VICTIMS — EXPENSES OF DETERMINING A
   CRIME VICTIM'S LOSS.

   A trial court may include in an order of restitution a requirement
   that the defendant reimburse the victim for labor costs incurred in
   determining the value of the property lost as a result of the
   defendant's criminal activity and in replacing that property (MCL
   780.766[2] and [3], 780.767[1]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Brian L. Mackie*, Prosecuting Attor-
ney, and *David A. King*, Senior Assistant Prosecuting
Attorney, for the people.

*Jon F. Hummel* for the defendant.

Before: MURPHY, P.J., and METER and DAVIS, JJ.

DAVIS, J. Defendant appeals by delayed leave granted
a restitution order requiring him to reimburse
$10,098.93 to the victim in this case. We affirm.

Defendant pleaded guilty of breaking and entering a
building with the intent to commit a larceny, MCL
750.110; unlawfully driving away an automobile, MCL
750.413; escape from lawful custody, MCL 750.197a;
and malicious destruction of police property, MCL
750.377b. Defendant had been employed by Wilbur
Plumbing. On April 12, 2004, shortly after defendant's
employment was terminated, he and another individual
entered Wilbur Plumbing without permission and drove
three trucks away from the premises. They returned
one truck after removing tools and other equipment
from it. Police recovered the other two trucks and some
tools and equipment. George Wilbur, the owner of
Wilbur Plumbing, conducted an inventory and testified
that property worth a total of $7,902.28 was missing.
He also testified that Wilbur Plumbing incurred total
labor expenses of $2,746.65 taking inventory and re-
equipping the trucks as a result of the theft. The trial

court reasoned that the labor was a "legitimate expense for a victim to recover," but reduced the amount of missing property by $550 because Wilbur failed to substantiate the value of certain items. Defendant appeals the resulting order of restitution.

We review a trial court's factual findings for clear error. MCR 2.613(C). We generally review for an abuse of discretion an order of restitution. *In re McEvoy*, 267 Mich App 55, 59; 704 NW2d 78 (2005). However, "[w]hen the question of restitution involves a matter of statutory interpretation, review de novo applies." *Id.* Statutory interpretation is a question of law that we review de novo. *Id.*

Defendant first contends that there was insufficient evidence to support the restitution award for the lost property. We disagree.

Crime victims have a constitutional right to restitution. Const 1963, art 1, § 24. Black's Law Dictionary (7th ed) defines "restitution" as "[c]ompensation or reparation for the loss caused to another." Further, crime victims have a statutory right to restitution under the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.* The CVRA provides that if a felony (or a misdemeanor punishable by imprisonment for more than one year) results in the loss of a victim's property, the trial court may order the defendant to pay to the victim, as restitution, the value of the property that was lost. MCL 780.766(3). Restitution encompasses only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct. *People v Orweller*, 197 Mich App 136, 140; 494 NW2d 753 (1992). The prosecution must prove the amount of the victim's loss by a preponderance of the evidence. MCL 780.767(4).

Here defendant admitted that he stole three trucks and that he stole and sold copper pipefittings worth $1,400. He denied stealing tools, but he admitted that his codefendant took some tools and put them into defendant's storage locker. Wilbur Plumbing did not keep a written inventory for each truck, but it had a policy of continually maintaining the trucks with certain known equipment on board, along with a policy for reporting anything missing. Nothing was reported missing in the days leading up to the crime. The prosecution therefore presented sufficient evidence to establish that the trucks were fully equipped before April 12, 2004, and that anything missing after April 12, 2004, was a direct result of defendant's criminal conduct. Defendant admitted the theft of a number of items and the value of some of them. Wilbur presented invoices to substantiate the value of most items, and the trial court disallowed the value of any items for which Wilbur did not provide documentation. The trial court's finding that the prosecution proved by preponderance of the evidence a property loss of $7,352.28 was not clearly erroneous, so an order of restitution in that amount was not an abuse of discretion. MCL 780.766(3).

Defendant next argues that the trial court was not authorized to order reimbursement of the value of Wilbur Plumbing's labor costs incurred in determining the value of the lost property and in replacing the lost property. We disagree.

The goal of statutory interpretation is to determine and give effect to the intent of the Legislature, with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). "Statutory language should be construed reasonably, keeping in

mind the purpose of the act." *In re McEvoy, supra* at 60. In other words, the Court must consider the object of the statute and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the statute's purpose. *People v Lawrence,* 246 Mich App 260, 265; 632 NW2d 156 (2001). Additionally, the Code of Criminal Procedure, which also contains restitution provisions, is remedial in character and should be liberally construed to effectuate its intent. MCL 760.2. The CVRA "was enacted to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." *People v Crigler,* 244 Mich App 420, 423; 625 NW2d 424 (2001).

At the time defendant was sentenced, MCL 780.766 provided[1] in relevant part:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

> (3) If a crime results in damage to or loss or destruction of property of a victim of the crime or results in the seizure or impoundment of property of a victim of the crime, the order of restitution may require that the defendant do 1 or more of the following, as applicable:

> (a) Return the property to the owner of the property or to a person designated by the owner.

---

[1] 2005 PA 184 (effective January 1, 2006) made two amendments to the provisions addressed in this opinion. MCL 780.766(2) was changed to add a provision addressing offenses "resolved by assignment of the defendant to youthful trainee status . . . ." MCL 780.766(3) was modified to change "the order of restitution *may* require . . ." to "the order of restitution *shall* require . . . ." (Emphasis added.) These changes do not affect our analysis.

(b) If return of the property under subdivision (a) is impossible, impractical, or inadequate, pay an amount equal to the greater of subparagraph (*i*) or (*ii*), less the value, determined as of the date the property is returned, of that property or any part of the property that is returned:

(*i*) The value of the property on the date of the damage, loss, or destruction.

(*ii*) The value of the property on the date of sentencing.

(c) Pay the costs of the seizure or impoundment, or both.

There are two statutes dealing with restitution. MCL 769.1a(2) and (3), in the Code of Criminal Procedure, are identical to MCL 780.766(2) and (3), except that MCL 769.1a discusses a "felony, misdemeanor, or ordinance violation" instead of a "crime" and "cost" instead of "costs." MCL 769.1a has not been amended since defendant's sentencing. Although Michigan courts once were required to consider a defendant's ability to pay restitution, under MCL 780.767(1), "[i]n determining the amount of restitution to order under [MCL 780.766], the court shall consider the amount of the loss sustained by any victim as a result of the offense." The "amount of the loss sustained" is now the only factor to be considered. *Crigler, supra* at 428.

We appreciate defendant's argument concerning *expressio unius est exclusio alterius*. See *Bradley v Saranac Community Schools Bd of Ed,* 455 Mich 285, 298; 565 NW2d 650 (1997) ("This Court recognizes the maxim *expressio unius est exclusio alterius*; that the express mention in a statute of one thing implies the exclusion of other similar things."). However, we do not believe it applies here. Defendant correctly directs our attention to the fact that, because neither seizure nor impoundment is at issue, MCL 780.766(3) provides an explicit list of exactly two remedies. If viewed in isolation, this would logically imply that the Legislature

intended those two remedies to be the only remedies available. We also appreciate that federal court interpretations of the Victim and Witness Protection Act (VWPA), specifically 18 USC 3663, are considered persuasive by our Supreme Court. *People v Grant*, 455 Mich 221, 243 n 30; 565 NW2d 389 (1997). The federal courts limit restitution under the VWPA to return of the property or the value of lost property itself. *United States v Schinnell*, 80 F3d 1064 (CA 5, 1996). However, defendant's and the federal courts' interpretations are inconsistent with other portions of the CVRA and, indeed, with its underlying purpose, as well as with the Michigan constitutional provision that gives the victim a right to restitution. Our Supreme Court has also explained that the federal courts have interpreted the VWPA narrowly, which may not always be appropriate for the "broad construction" that should be applied to Michigan's CVRA. *People v Gahan*, 456 Mich 264, 271 and n 8; 571 NW2d 503 (1997).

Initially, the version of MCL 780.766(3) in effect at defendant's sentencing employed the word *"may,"* which is permissive and therefore indicative of discretion. *People v Brown*, 249 Mich App 382, 386; 642 NW2d 382 (2002); see also *Old Kent Bank v Kal Kustom Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003). Significantly, the statute did not say *"may only."* When viewed in the context of the act's underlying purpose of fairly compensating crime victims, the version of MCL 780.766(3) in effect at defendant's sentencing cannot be considered an exclusive list of remedies.

Moreover, we do not believe that 2005 PA 184, which changed *"may"* to *"shall,"* changes this analysis. This change only stripped trial courts of the discretion to refuse to order one of the enumerated forms of restitution, presuming that the facts of the case make any of

them applicable. Significantly, MCL 780.766(2), both before and after the most recent amendment, states that "the court *shall* order, *in addition to* or in lieu of any other penalty authorized by law or *in addition to* any other penalty required by law, that the defendant make *full restitution* to any victim of the defendant's course of conduct . . . ." (Emphasis added.) Equally significantly, MCL 780.767(1) requires the court to "consider the *amount of the loss* sustained . . . ." (Emphasis added.) Nowhere in the CVRA does the Legislature state "how to determine the amount of the loss sustained by the victim," so the amount of restitution "should be based upon the evidence." *People v Guajardo*, 213 Mich App 198, 200; 539 NW2d 570 (1995).

In our view, the Legislature has clearly manifested an intent to make victims of a crime as whole as they can fairly be made and to leave the determination of how best to do so to the trial court's discretion on the basis of the evidence presented and subject to the prosecuting attorney's burden of proving losses attributable to defendant's crime-related acts. The CVRA was not intended to be narrowly construed merely as a special-purpose replevin action: the focus is consistently not on what a defendant took, but what a victim lost because of the defendant's criminal activity. No other interpretation is consistent with purpose of the act and its specific provisions.

In this case, the testimony presented to the trial court was that Wilbur expended 30 hours at a cost of $67.06 an hour, and another employee spent 14½ hours at a cost of $49.82 an hour, taking inventory and reequipping the trucks. The total cost to the victim company, other than the lost property itself, was uncontroverted. The restitution order of $2,746.65 was therefore reasonable and supported by uncontested evidence.

Because the constitution provides the victim with the right to restitution, and because it was also authorized by the CVRA, we perceive no abuse of discretion by the trial court.

Affirmed.