# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMIE THOMAS ADAMS,

      Defendant-Appellant.

UNPUBLISHED
September 13, 2018

No. 338654
Wayne Circuit Court
LC No. 16-007327-01-FH

---

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of larceny of a firearm, MCL 750.357b, being a felon in possession of a firearm (felon in possession), MCL 750.224f, and carrying a firearm during the commission of a felony (felony firearm), MCL 750.227b. Defendant was also charged with first-degree home invasion, MCL 750.110a(2), and found not guilty of that crime. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to concurrent prison terms of three to ten years for his felon-in-possession and larceny-of-a-firearm convictions. Defendant was also sentenced to two years of imprisonment for his felony-firearm conviction, to be served consecutive to the sentences for his other convictions. We affirm defendant's convictions and sentences, but remand for further proceedings because the trial court did not establish a factual basis for the court costs it imposed.

## I. BACKGROUND

This case results from a break-in that occurred at the home of Keith Kinder (Keith) and Pam Kinder on Memorial Day 2015. The Kinders left home that morning, and returned between 10:00 p.m. and 10:30 p.m. to find the back door of their home kicked in. A safe was taken from the master bedroom containing a stainless-steel 9 mm handgun, two hard drives, a high-school class ring, valuable collectible coins, and some paperwork. George Sanders (George) lived next door to the Kinders; defendant was dating George's daughter, Tashanda Mann, and the couple lived with George.

Defendant had several alibi witnesses testify at trial regarding his whereabouts on the day of the break-in, but the trial court found these witnesses not credible. A day or two after the break in, Jonathan Sanders (Jonathan), George's son, received a telephone call from defendant offering to sell him a stolen nickel-plated 9 mm handgun. A day or two after that, Jonathan

-1-

learned of the break-in at the Kinders' home and called defendant about purchasing the gun, but defendant informed him that he had sold it for $350. Cigarette butts were collected near the Kinders' broken door, and the DNA tested was a match to defendant.

The trial court found defendant guilty of larceny of a firearm, felon in possession, and felony firearm. The trial court found defendant not guilty of first-degree home invasion, noting that defendant's conduct did not meet the elements of that crime because at the time defendant broke into the Kinders' home, defendant was not armed and there was no other person lawfully present therein. The trial court sentenced defendant as noted above and assessed court costs in the amount of $1,300.00.

This appeal followed.

## II. ANALYSIS

### A.    Sufficiency of the Evidence

On appeal, defendant challenges the sufficiency of the evidence supporting his conviction for larceny of a firearm. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). The reviewing court must determine if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). A trier of fact may consider circumstantial evidence and all reasonable inferences that evidence creates. *Solloway*, 316 Mich App at 180-181. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24-25; 790 NW2d 295 (2010) (cleaned up).

*Sufficient Evidence Supports Defendant's Larceny-of-a-Firearm Conviction.* First, defendant argues that there was insufficient evidence to convict him of larceny of a firearm. MCL 750.357b provides: "A person who commits larceny by stealing the firearm of another person is guilty of a felony." It is undisputed that someone entered the Kinders' home without permission and stole Keith's handgun, along with other items of value. Defendant argues that there is no direct evidence establishing that he took Keith's handgun. Nonetheless, "circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lee*, 243 Mich App 163, 167-168; 622 NW2d 71 (2000).

Keith testified that the stolen handgun was a stainless-steel 9 mm handgun. Jonathan testified that on the same day of the break-in, or the day after, he was contacted by defendant with an offer to buy a nickel-plated 9 mm handgun. As a gun owner, Keith testified that it would be possible for someone to confuse stainless steel with nickel plating. Defendant indicated to Jonathan that this gun was "hot," i.e., stolen. After Jonathan learned of the break-in at the Kinders' home and the taking of a gun, he called defendant to inquire about the gun that defendant was selling, and defendant said that it was already sold. Defendant was living next door to the Kinders at George's house at the time. The stipulated DNA evidence of the cigarette

butts located near the Kinders' broken door matched defendant's DNA. This evidence placed defendant at the scene of the break-in around the time of the break-in. Finally, the trial court found the alibi testimony of defendant's witnesses not credible. Viewed in a light most favorable to the prosecution, the circumstantial evidence was sufficient to convict defendant of larceny of a firearm.

*The Verdicts Were Not Legally Inconsistent.* Next, defendant argues that the trial court's verdicts were inconsistent because the trial court found defendant guilty of larceny of a firearm, but not guilty of home invasion. A "trial judge sitting as the trier of fact may not enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (cleaned up). A verdict is inconsistent when the factual findings "cannot be rationally reconciled." *Id*. at 27.

Defendant argues that, because the Kinders testified that Keith's handgun was stolen during the break-in, the trial court could not simultaneously find defendant guilty of larceny of a firearm and not guilty of home invasion. Defendant's argument, however, ignores the elements of first-degree home invasion. As relevant to the circumstances of this case, to find defendant guilty of first-degree home-invasion, the prosecution had to prove that defendant entered the Kinders' home without permission with the intent to commit a larceny therein and while "armed with a dangerous weapon" or while another person was lawfully present in the dwelling. MCL 750.110a(2). In other words, defendant's guilt of larceny of a firearm is a necessary predicate but is insufficient on its own to find defendant guilty of first-degree home invasion. Rather, the prosecution was required to prove defendant's guilt of larceny of a firearm *and* the fact that the larceny was committed either while defendant was armed with a weapon or while another person was lawfully inside the Kinders' home.

The record confirms that no one was lawfully inside the home at the time of the break-in. Moreover, the trial court found that defendant did not enter the home with a weapon and that defendant did not know that a gun was in the safe until after he had stolen it. Thus, the trial court found that defendant was not armed during the commission of the break-in and defendant has not challenged this finding on appeal. Therefore, despite the record showing that defendant was in fact the perpetrator of the break-in, the trial court did not render an inconsistent verdict by finding defendant guilty of larceny of a firearm and not guilty of first-degree home invasion.

B.    Consecutive Sentencing

Defendant next argues that the trial court erred by ordering his sentence for felony-firearm to be served consecutive to his sentences for both his larceny-of-a-firearm and felon-in-possession convictions. According to defendant, the felony-firearm sentence could run consecutive only to his sentence for felon-in-possession, not his sentence for larceny-of-a-firearm. Because defendant did not raise this issue "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals," MCR 6.429(C), we review it for plain error affecting substantial rights, *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Defendant correctly notes that a sentence for felony firearm may only run consecutive to the sentence imposed for a designated underlying felony. *People v Clark*, 463 Mich 459, 463-464; 619 NW2d 538 (2000). Defendant then argues that the designated felony underlying his

felony-firearm conviction was his felon-in-possession conviction, not his larceny-of-a-firearm conviction. Thus, according to defendant, his sentence for felony firearm could only run concurrent to his sentence for felon-in-possession.

The prosecuting attorney, however, retains discretion, in appropriate cases, to designate multiple underlying offenses in the complaint to support the felony-firearm conviction. *Id*. at 464 n 11. In such a case, the felony-firearm conviction may run consecutive to multiple underlying felonies.

In the complaint in this case, the prosecutor designated both felon in possession *and* larceny of a firearm as the felonies underlying defendant's commission of felony firearm. Defendant was found guilty of both predicate felonies and guilty of felony-firearm, and the trial court held that defendant's felony-firearm sentence would run consecutive to both predicate felonies. The record supports that defendant committed both underlying felonies while in the possession of a firearm. Thus, the trial court did not err by ordering defendant's sentence for felony firearm be served consecutive to his sentences for felon in possession and larceny of a firearm.

C.   Court Costs

Next, defendant argues that the trial court abused its discretion by imposing "excessive" court costs without establishing whether there was a reasonable relationship between the costs imposed and the actual costs incurred. We review this unpreserved issue for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764; *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). The trial court possesses the authority to order a defendant to pay reasonable court costs. *Konopka*, 309 Mich App at 358. These costs need not be separately calculated, but the trial court must "establish a factual basis" for the costs imposed. *Id*. at 359.

The trial court ordered defendant to pay $1,300 in court costs. In doing so, the trial court stated, "There's to be a $204.00 state minimum cost, a $130.00 Crime Victim's assessment, $1,300.00 in court costs." The trial court did not explain its reasoning further. The prosecutor argues on appeal that the trial court's imposition of $1,300 in court costs is consistent with the State Court Administrative Office's (SCAO) calculation that the average court cost for a felony case in the Third Circuit is $1,302. While the values are indeed similar, there is no indication in the record that SCAO's calculations were the basis for the costs imposed. Thus, no factual basis has been established for the trial court's imposition of costs. "Without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court." *Id*. at 359-360 (cleaned up). Thus, defendant is entitled to an opportunity to "challenge the reasonableness of the costs imposed." *Id*. at 360. We therefore remand for the trial court to establish a factual basis for the $1,300 court costs it imposed.

D.   Restitution

Lastly, defendant argues that the trial court abused its discretion when it ordered defendant to pay $2,700 in restitution. Because defendant did not specifically object to the

amount of restitution at sentencing, we review the trial court's order of restitution for plain error affecting defendant's substantial rights. *People v Gaines*, 306 Mich App 289, 322; 856 NW2d 222 (2014); *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003).

Crime victims have a constitutional and statutory right to restitution. Const. 1963, art 1, § 24; MCL 780.751 *et seq.*; *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). "The [Crime Victim's Rights Act (CVRA)] provides that if a felony . . . results in the loss of a victim's property, the trial court may order the defendant to pay the victim, as restitution, the value of the property that was lost." *Gubachy*, 272 Mich App at 708. "Restitution encompasses only those losses that are easily ascertained and are a direct result of defendant's criminal conduct." *Id*. The burden is on the prosecution to demonstrate the amount of the victim's loss by a preponderance of the evidence. *Id*. To determine the proper amount of restitution, the sentencing court "shall consider the amount of loss sustained by the victim, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *People v Avignone*, 198 Mich App 419, 422; 499 NW2d 376 (1993).

At sentencing, the prosecutor requested $2,700 in restitution. Defense counsel did not challenge that amount, but rather, requested documentation supporting that amount, noting, "not that I don't think that it's a proper number." The prosecutor agreed to provide defense counsel with the documentation within 30 days, and the amount of restitution was set at $2,700 pending any issues. The prosecutor emailed the documentation to defense counsel and advised defense counsel to inform him if defendant wanted a contested-restitution hearing. The prosecutor did not receive a response. Consistent with the documentation, the prosecutor filed a motion to amend the judgment to set restitution at $2,577.93. Defendant did not file an answer to the prosecutor's motion. Because there was no dispute regarding the restitution amount, the trial court entered an amended judgment of sentence setting the restitution at $2,577.93.

Thus, the record makes clear that defendant did not contest the restitution amount, though he was provided the opportunity to do so. When there is no dispute regarding the restitution amount, the trial court may award restitution without making a separate factual finding on the record. *People v Grant*, 455 Mich 221, 233-234, 243; 565 NW2d 389 (1997). Under the circumstances, defendant's failure to challenge the restitution amount precludes him from establishing plain error affecting his substantial rights.

### III. CONCLUSION

We remand this case to the trial court to provide defendant an opportunity to challenge the reasonableness of the court costs the trial court imposed. In all other respects, the trial court's judgment is affirmed. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien