*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN HUNTER MORSE,

        Defendant-Appellant.

UNPUBLISHED
January 2, 2020

No. 345785
St. Clair Circuit Court
LC No. 17-001961-FH

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

The trial court ordered defendant Ryan Hunter Morse to pay restitution in the amount of $1,800. This figure has no evidentiary support whatsoever; it is entirely made up. The majority acknowledges that $460, not $1,800, represented an accurate appraisal of the amount due to the victims as compensation for their loss. The majority affirms the inflated restitution award based on waiver and on this Court's opinion in *People v Foster*, 319 Mich App 365, 383; 901 NW2d 127 (2017). I concur that defense counsel waived any challenge to the amount of restitution. I respectfully disagree that *Foster* bears any relevance to this case.

Restitution is "compensation or reparation for the loss caused to another." *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006) (cleaned up).[1] The victims in this case lost approximately $460; no more than that was ever claimed or supported. The majority explains that the $1,800 number was arrived at as part of a plea bargain obligating the trial court to consider "boot camp" in lieu of a traditional prison sentence: "The trial court found that it considered the boot camp recommendation if restitution was set at $1,800, and that it believed

---

[1] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

other matters were included in the restitution figure." The "other matters" are not mentioned in the record and whatever they may have been, no evidence supports that they had a value of $1,340.

The statutes governing restitution do not permit trial courts to award damages beyond full and fair compensation for a victim's loss. "[U]nder the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*.[,] . . . if a felony . . . results in the loss of a victim's property, the trial court may order the defendant to pay to the victim, as restitution, the value of the property that was lost." *Gubachy*, 272 Mich App at 708, citing MCL 780.766(3). And "the losses included in a restitution order must be the result of defendant's criminal course of conduct." *People v Garrison*, 495 Mich 362, 372; 852 NW2d 45 (2014). In other words, our Legislature did not envision restitution as a profit-making enterprise.

The majority implicitly recognizes these principles, but nevertheless implies that this Court's opinion in *Foster*, 319 Mich App 365, creates an exception to the rules. *Foster* does not support the award of $1,800 in this case.

*Foster* followed on the heels of our Supreme Court's opinion in *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014). *McKinley* held that a defendant may not be ordered to pay restitution for uncharged conduct, emphasizing that "any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant." *Id*. at 419-420. The Court defined "uncharged conduct" as "criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact." *Id*. at 413 n 1.

*Foster* did not involve restitution for "uncharged conduct"; instead, the restitution order stemmed from charges dismissed as part of a plea agreement. In *Foster*, however, uncontested evidence supported the *amount* of restitution ordered, and unlike in this case, the defendant never challenged the number.

The defendant in *Foster* pleaded guilty to two counts of breaking and entering with intent to commit a felony, MCL 750.110, and one count of possession with intent to deliver a controlled substance, MCL 333.7401(2)(b)(*i*). *Foster*, 319 Mich App at 368. He was ordered to pay $419.02 in restitution for two additionally charged but later dismissed retail fraud misdemeanor offenses. *Id*. The amount of restitution ordered to be paid to Walmart for the misdemeanors accurately reflected the losses sustained, and the defendant did not argue otherwise. *Id*. at 371. Rather, the defendant asserted that restitution for conduct not submitted to a jury violated his Sixth and Fourteenth Amendment rights. *Id*. at 374. This Court rejected his argument, reasoning that neither the rule announced in *McKinley* nor "its analytical framework" rendered "unconstitutional a situation in which restitution is part of a negotiated plea agreement." *Id*. at 379. "When a conviction is exchanged for restitution," we explained, "a defendant intentionally relinquishes his right to have the prosecution prove every element of the charge beyond a reasonable doubt." *Id*. at 383.

We pointed out in *Foster* that the "[d]efendant's circumstance is different from that presented in *McKinley* because he agreed to pay the restitution he now challenges in exchange for the charges to be dismissed." *Id*. at 375. Restitution was warranted in *Foster*, this Court

held, because the defendant *had* been charged with the crimes underlying the restitution award, and the charges "were dismissed under a plea agreement [and] an agreement to pay restitution was a condition of the plea." *Id*. at 379.

The majority seizes on the following sentence from *Foster* as support for the notion that a defendant may be ordered to pay restitution bearing no resemblance to a victim's actual loss, as long as the order flows from a plea bargain: "[W]e do not find [the defendant's constitutional rights] implicated when the defendant expressly agrees to pay restitution to receive the benefit of a bargain struck with the prosecution." *Id*. at 382. In context, however, the *Foster* Court held that an appropriately supported award of restitution could form part of a plea bargain if the charge underlying the restitution was dismissed as part of the bargain. This is a narrow holding and consistent with *McKinley*. In my view, *Foster* should be stretched no further.

*Foster* addressed a question not presented here, and has no bearing on the resolution of defendant's argument. "[C]ourt-ordered restitution is not a substitute for civil damages." *People v Corbin*, 312 Mich App 352, 360; 880 NW2d 2 (2015). Nor may restitution substitute for a statutory fine. No evidence supported that the victims in this case lost $1,800, or anything close to that amount.

Nevertheless, defense counsel waived any objection to the amount of restitution ordered. Counsel expressed awareness that the amount of suggested restitution was unsupportable, but neither asked for a restitution hearing nor renewed his objection at sentencing. To the contrary, counsel offered that defendant would pay the money to make the victims and the court happy. Defendant and his counsel deliberately abandoned an argument that the amount of restitution should be less than $1,800. On that basis, I concur with the majority.

/s/ Elizabeth L. Gleicher