*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
May 21, 2020

v

DERRICK DOUGLAS HEARD, JR.,

      Defendant-Appellant.

No. 348105
Jackson Circuit Court
LC No. 17-004621-FC

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon, MCL 750.227, and felonious assault with a dangerous weapon, MCL 750.82(1). Defendant was sentenced to 30 to 120 months of imprisonment for carrying a concealed weapon and 30 to 96 months of imprisonment for felonious assault as a third-offense habitual offender, MCL 769.11. We affirm.

## I. FACTS

This case arises from allegations that defendant shot at a vehicle driven by the victim. At the preliminary examination, the victim testified that he was driving his car, when defendant pulled up next to him in a truck, and shot at his vehicle. The shot left a bullet hole in the rear, driver's side door of the victim's car.

Defendant was charged with assault with intent to murder (AWIM), MCL 750.83, carrying a concealed weapon, felonious assault with a dangerous weapon, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. Following a jury trial, defendant was convicted of carrying a concealed weapon, felonious assault with a dangerous weapon. He was acquitted of AWIM and felony firearm. Defendant now appeals.

## II. ANALYSIS

Defendant first challenges the admission of the victim's preliminary examination testimony at trial. Defendant contends that his constitutional right to confront the witness was

-1-

violated because the prosecution failed to show that it exercised due diligence in attempting to locate and produce the victim to testify at trial. We disagree.

"Whether a defendant's Sixth Amendment right of confrontation has been violated is a question of constitutional law that this Court reviews de novo." *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018). Preliminary examination testimony is properly admitted at trial and does not violate a defendant's right of confrontation "if the witness is unavailable in the sense explained in MRE 804(a)(5)." *People v Bean*, 457 Mich 677, 683; 580 NW2d 390 (1998). Under MRE 804(a)(5), a witness is unavailable when he or she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." In order to show that a witness is unavailable for purposes of MRE 804(a)(5), "the prosecution must have made a diligent good-faith effort in its attempt to locate a witness for trial." *Bean*, 457 Mich at 684.

We examine the reasonableness of the prosecution's actions based on the facts and circumstances of the case to determine whether this requirement has been met. *Id*. In other words, we ask "whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id*. In the context of securing witness presence, due diligence means the attempt to do what is reasonable, not all that is possible to obtain the presence of the witness. *People v Eccles*, 260 Mich App 379, 391; 677 NW2d 76 (2004).

At a pretrial hearing, the prosecutor stated that multiple police officers made attempts to serve the victim, but the victim was dodging service. The prosecutor named three police officers who had attempted to serve the victim and read one officer's note describing the circumstance of a failed attempt where the victim informed the officer that he would not testify because he feared for his life. Defense counsel requested a continuance to allow additional time to try serving a subpoena on the victim, which the trial court granted. Another pretrial hearing was held, and the prosecutor informed the trial court that the victim had left the city and told the officers that he was not going to appear in court. The prosecutor offered to have four police officers testify about their multiple failed attempts to serve the victim. Under these circumstances, we cannot conclude that the trial court committed error requiring reversal when it concluded that reasonable efforts were made to secure the victim and allowed the preliminary examination transcript to be read to the jury. *Bean*, 457 Mich at 684; *Eccles*, 260 Mich App at 391. Thus, defendant's argument is without merit.

Defendant next argues that his sentence was unreasonable and disproportionate because the trial court did not consult the applicable minimum sentencing guidelines range. However, the trial court's 30-month minimum sentences were within defendant's minimum sentencing guidelines range of 10 to 57 months of imprisonment for his carrying a concealed weapon and felonious assault convictions and, therefore, his sentence was presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Defendant failed to rebut the presumption of proportionality because he did not argue that there was a scoring error or that the trial court relied upon inaccurate information. See MCL 769.34(10); *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006); *Powell*, 278 Mich App at 323. Thus, this argument is without merit.

Finally, defendant makes the unpreserved argument that the trial court erroneously ordered restitution without any evidence of damages on the record. We disagree.

In general, the proper application of statutes authorizing the assessment of restitution at sentencing are reviewed de novo, factual findings are reviewed for clear error, and the calculation of restitution is reviewed for an abuse of discretion. *People v Bryant*, 319 Mich App 207, 210; 900 NW2d 360 (2017). However, defendant failed at sentencing to object to the restitution award, and this issue is therefore reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Under the plain error standard, defendant must show that: (1) an error occurred; (2) the error was plain, and (3) the plain error affected defendant's substantial rights, i.e., it caused prejudice or affected the outcome of the lower court proceedings. *Id*. An appellate court must then exercise its discretion in deciding whether to reverse a defendant's conviction. *Id*. Reversal is warranted only when the plain error results in a conviction of an innocent defendant or seriously affects the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence. *Id*.

"Restitution is afforded both by statute and by the Michigan Constitution" with the purpose of allowing a crime victim to recover the cost of damage caused by a defendant's conduct. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). "The prosecution must prove the amount of the victim's loss by a preponderance of the evidence," *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006), citing MCL 780.767(4), and the presentence investigation report (PSIR) may be used to show the amount of the victim's loss, *Bryant*, 319 Mich App at 212.

The victim testified that defendant shot at his car and left a bullet hole through the rear, driver's side door. The victim's testimony demonstrates that defendant directly caused damage to the victim's vehicle during the felonious assault with a dangerous weapon for which defendant was convicted. *People v McKinley*, 496 Mich 410, 421; 852 NW2d 770 (2014). Therefore, the fact that the victim was entitled to restitution for the damage caused by defendant's conduct was supported by the record. See *id.*; *Newton*, 257 Mich App at 68. Additionally, the PSIR stated that the amount of restitution payable to the victim for repairs to his vehicle was $1,118.90, and this amount was supported by an estimate from a vehicle repair company. Defendant conceded at the sentencing hearing that the information in the PSIR appeared to be accurate. Consequently, the information in the PSIR was sufficient to support the $1,118.90 in restitution ordered by the trial court. See *Bryant*, 319 Mich App at 212. Thus, defendant's argument is without merit.

III. CONCLUSION

The trial court did not commit error requiring reversal when it concluded that reasonable efforts were made to secure the victim and allowed the preliminary examination transcript to be read to the jury. Defendant's argument that his sentence was disproportionate is without merit,

and his challenge to the trial court's order to pay restitution fails.  Accordingly, we affirm.


/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan